IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FAITH ANDREWS, as Mother and Guardian )
of A.A., a minor child, )
                                                Plaintiff, )
            vs. )
UNITED STATES OF AMERICA, )
                                              Defendant. )   No. 3:25-cv-0166-HRH

O R D E R

Motion to Dismiss[1]

    Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction. The motion is opposed.[2] Defendant has replied.[3]

    An accident occurred at Quyana House at the Alaska Native Medical Center, a government-sponsored facility, on September 9, 2024.[4] The incident involved Faith Andrews and her daughter A.A. A standard Form SF-95, a claim for damage, injury, or death, was signed on September 11, 2024,[5] by "Faith Andrews." The Form SF-95 might

---

[1]Docket No. 9.

[2]Docket No. 11.

[3]Docket No. 13.

[4]Docket No. 10-1 at 1, Item 6.

[5]Id. at 1, Item 14.

ORDER – Motion to Dismiss           - 1 -

have been, but was not, presented by Faith Andrews in a representative capacity.[6] The Faith Andrews standard Form SF-95 was transmitted to the U.S. Department of Health and Human Services by Faith Andrews' attorney by certified mail on September 13, 2024.[7]

Again, the Form SF-95 was signed and presented in the name of Faith Andrews. It was not signed by Faith Andrews in a representative capacity. The claim of Faith Andrews was denied by the Department of Health and Human Services by certified mail on May 23, 2025.[8]

Within six months of the foregoing notice of denial of claim of Faith Andrews' claim, a complaint was filed in this court by Faith Andrews as "mother and guardian of A.A., a minor child."[9] There is a fatal disconnect between Faith Andrews' administrative claim and the complaint of Faith Andrews as mother and guardian of A.A. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[6]Id. at 1, Item 2. See also the "instructions" (a part of Form SF-95), which provide that:
> A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

[7]Docket No. 11-1.

[8]Docket No. 13-1 at 1 and 2.

[9]Docket No. 1.

ORDER – Motion to Dismiss																					- 2 -

Here, Faith Andrews presented a claim to the U.S. Department of Health and Human Services in her own name, not in a representative capacity. That claim was denied. The claim of Faith Andrews as mother and guardian of A.A., a minor child, was not preceded by the filing and processing of a Form SF-95 on behalf of A.A. Exhaustion of administrative remedies is jurisdictional and may not be waived. Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).

Defendant's motion to dismiss, for lack of subject matter jurisdiction, is granted.

DATED at Anchorage, Alaska, this  26th  day of January, 2026.

/s/  H. Russel Holland
United States District Judge